IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:06-CR-15-1-BO

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HENDERSON HINTON ) | |
| ) | |

This matter is before the Court on Defendant's pro se Motion for Recusal. The motion is DENIED.

### Discussion

On May 8, 2009, this Court sentenced the Defendant to prison after a jury found him guilty of bank robbery. The defendant now moves the Court under 28 U.S.C. § 455(a) for an order disqualifying itself from presiding over the defendant's planned 28 U.S.C. § 2255 motion. In support of the motion, the defendant filed two sworn affidavits alleging the Court's comments and adverse rulings in the prior proceedings call the Court's impartiality into question.

Most notably, the defendant asserts that the Court did "testify" as to the defendant's second court-appointed counsel's competence when the Court allegedly stated, "I know this attorney. He's a very good attorney. If you get rid of this attorney, you're not going to go up, you're going to go down." Additionally, the defendant claims that the Court's adverse ruling on the defendant's motion to arrest judgment also shows impartiality.

The defendant's motion to recuse is without merit. Under 28 U.S.C. § 455(a), there must be a reasonable factual basis for doubting the judge's impartiality before disqualification is

required. Rice v. McKenzie, 581 F.2d 1114, 116(4th Cir. 1978). In addition, the alleged bias must derive from an extrajudicial source and not from matters the judge learned from his participation in the case. In re Beard,811 F.2d 818, 827 (4th Cir. 1987).

Here, the defendant failed to allege an extrajudicial source of bias that would warrant disqualification.

## CONCLUSION

For the reason set-forth above, the defendant's Motion to Recuse is DENIED.

SO ORDERED, this __3__ day of ~~September~~ October, 2010.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE