**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**NORTHERN DIVISION**
**NO. 2:06-CR-15-BO-1**
**NO. 2:11-CV-16-BO**

| | |
|---|---|
| **HENDERSON HINTON** ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **Respondent.** ) | |

This case is before the Court on Petitioner's Motion for Full Disclosure and Release of

All Records [DE 127], Motion to Vacate under 28 U.S.C. § 2255 [DE 165], Motion Request for

Documents [DE 177], and Motion for Correction and Clarification [DE 187]; as well as

Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, Or Correct A Federal

Prisoner's Sentence Under 28 U.S.C. § 2255 [DE 171] and Motion to Stay Petitioner's Request

for Documents and Interrogatories to Respondents [DE 181]. For the reasons set forth below, the

Motion for Full Disclosure and Release of All Records, Motion Request for Documents, Motion

for Correction and Clarification, and Motion to Stay are DISMISSED as MOOT. Because the

Court has considered attachments outside of the pleadings, the Motion to Dismiss will be

considered as a Motion for Summary Judgment and is GRANTED.[1]

---

[1]On June 6, a Rule 12 letter issued to Petitioner. Having converted the Motion to Dismiss
to a Motion for Summary Judgment, the Court notes that Petitioner was noticed of his "right to
file counter-affidavits or other responsive material and alerted to the fact that his failure to so
respond might result in the entry of summary judgment against him," as required by *Roseboro v.
Garrison*, 528 F. 2d 309, 310 (4th Cir. 1975). Petitioner filed a responsive "Motion for
Correction and Clarification" on August 31, 2011 [DE 187] and the Court has considered the

The Grand Jury issued a six-count indictment on November 14, 2006, charging the Petitioner in Counts One and Three with obstructing, delaying, and affecting commerce by robbery, in violation of 18 U.S.C. § 1951. Counts Two and Four charged that Petitioner used and carried a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924 (c)(1)(A). Count Five charged that Petitioner and Derek Antwon Vaughn committed bank robbery and aided and abetted the same, in violation of 18 U.S.C. §§ 2113(a) and (d), and 2. Count Six charged that Petitioner and Derek Antwon Vaughan used and carried a firearm during and in relation to a crime of violence and aided and abetted the same, in violation of 18 U.S.C. §§ 924(c)(1) and (2) [DE 2].

On April 16, 2007, attorney Joseph Zeszotarski filed a notice of appearance on behalf of Petitioner [DE 52]. On August 7, 2007, Petitioner was arraigned and pleaded not guilty to all counts charged in the indictment. The Court set the matter for trial on December 4, 2007 [DE 69]. On December 6, 2007, Mr. Zeszotarski filed a motion in limine seeking to exclude certain documents from evidence at trial [DE 77]. That motion was denied by this Court on December 10, 2007, and the trial began. On December 12, 2007, the jury returned guilty verdicts as to all counts [DE 86]. On May 9, 2008, the Court held a sentencing hearing and sentenced Petitioner to 188 months' imprisonment on Counts One, Three, and Five; 84 months' imprisonment on Count Two (to be served consecutively); 300 months' imprisonment on Count Four (to be served consecutively); and 300 months' imprisonment on Count Six (to be served consecutively) [DE 115].

On May 13, 2008, Petitioner filed a notice of appeal [DE 111]. On July 11, 2008,

contents of that filing in issuing this Order.

attorney Jeanette Doran Brooks filed a notice of appearance on behalf of Petitioner in the Fourth Circuit. In her opening brief for Petitioner, Ms. Brooks raised three issues: (1) whether the identification evidence was sufficient to convict Petitioner on all counts, (2) whether there was a fatal variance between property described in Count Three of the indictment and the evidence presented at trial, and (3) whether the Government produced sufficient evidence at trial to support the interstate commerce element in the Hobbs Act robberies charged in Counts Three and Four of the indictment [DE 133 at 7].

On June 22, 2009, Petitioner filed a pro se supplemental brief, raising five additional issues. On February 24, 2010, the Fourth Circuit issued an opinion affirming Petitioner's conviction and sentence. *United States v. Hinton*, 366 F. App'x 481, 484 (4th Cir. 2010). On April 5, 2011, Petitioner timely filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [DE 165]. At the Court's direction, the Government responded on June 6, 2011 with a Motion to Dismiss [DE 171], after timely moving for and being granted an enlargement of time from the Court. Petitioner timely responded to the Government's Motion on July 21, 2011 and submitted additional affidavits on August 1, 2011, as well as a Motion for Correction and Clarification [DE 187].

DISCUSSION

The Government has moved to dismiss Mr. Hinton's § 2255 motion pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that he has failed to state any claim upon which relief may be granted. Because the Court has considered affidavits outside of the pleadings, the Motion is converted to a Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 12 (d). Therefore, the Court shall grant summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed R. Civ. P. 56;

*Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

## I. Motion to Vacate, Set Aide or Correct

Petitioner argues that his sentence was imposed unlawfully, and asks that it be overturned pursuant to 28 U.S.C. § 2255. The § 2255 Motion advances five reasons why the sentence should be vacated: (a) the Court lacked jurisdiction because the evidence at trial failed to demonstrate a sufficient impact on interstate commerce, as required by the Hobbs Act; (b) the Court failed to properly instruct the jury on interstate commerce in response to a jury question; (c) Respondent, the U.S. Marshal's Service, and/or the Clerk of Court attempted to bolster a witness's credibility and unduly influence the jurors by allowing them to see a witness receiving medical attention; (d) Respondent made improper arguments and willfully used false testimony; trial counsel was ineffective because he failed to move for a mistrial, conspired with the government to withhold exculpatory evidence from Petitioner, and failed to object to improper government arguments; (e) and appellate counsel was ineffective because she refused to consult with Petitioner before filing an opening brief, relied upon incomplete trial transcripts, and failed to petition any court as to the government's use of perjured testimony at trial. These claims can be divided into two categories: (1) claims already raised on direct appeal and (2) ineffective assistance of counsel claims. As discussed below, the Court rejects each of these claims.

### 1. Claims Raised on Direct Appeal

Petitioner claims the Court lacked jurisdiction because the evidence at trial failed to demonstrate the impact of the Hobbs Act robbery on interstate commerce, the Court failed to properly instruct the jury on the law regarding interstate commerce, and the jury was improperly influenced by seeing a witness receiving medical care [DE 165]. Because Petitioner raised these claims on direct appeal, Petitioner cannot use the present motion to relitigate these issues.

*United States v. Crawley*, 309 F.2d 155, 156 (4th Cir. 1962); *Boekenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

## 2. Ineffectiveness of Counsel

Hinton's ineffective assistance of trial and appellate counsel claims are governed by *Strickland v. Washington.* 466 U.S. 668 (1984). Under *Strickland*, a prisoner alleging ineffective assistance of counsel must demonstrate (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice can, alone, dispose of the ineffective assistance claim. *Id.* at 697. Courts must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

## A. Ineffective Assistance of Trial Counsel

Petitioner claims that his trial counsel, Joseph E. Zeszotarski, Jr., was constitutionally ineffective because he failed to object to improper government arguments, failed to move for a mistrial, and conspired with the government to withhold exculpatory evidence from Petitioner. In his affidavit, Mr. Zeszotarski contends that he did not move for a mistrial because Mr. Hinton did not want him to pursue that course, submitting a file memorandum dated January 4, 2008. Mr. Zeszotarski denied colluding with AUSA Bennett, and stated that any objections he did not make to government arguments were because he did not find a legal basis to interpose an

objection [DE 173].

In a criminal trial, defense counsel has the authority to manage most aspects of the defense without first obtaining the consent of the defendant. *United States v. Chapman*, 593 F.3d 365, 367-68 (4th Cir. 2010) (citing *Florida v. Nixon*, 543 U.S. 175, 187 (2004)). The matters that fall within counsel's discretion "primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998). Therefore, Mr. Zeszotarski's performance cannot be deemed deficient for failing to object to particular government arguments that Mr. Hinton found to be improper.

More broadly, the United States Supreme Court has identified only a few basic trial rights that belong exclusively to the defendant, and they are: whether to plead guilty, waive a jury, testify in his own behalf, or take an appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Notably absent from this list is the decision whether to request a mistrial, and the Fourth Circuit has held that "decisions regarding mistrial are tactical decisions entrusted to the sound judgment of counsel, not the client." *Chapman*, 593 F.3d at 368. Therefore, even assuming that Mr. Hinton wished to move for a mistrial, the decision not to do so rested squarely within the professional judgment of Mr. Zeszotarski.

Mr. Hinton's allegation that Mr. Zeszotarski "conspired" with the federal government to withhold exculpatory evidence from him is connected in his petition to Mr. Zeszotarski's failure to request an evidentiary hearing to investigate possible violations of his rights under the Fourth Amendment [DE 165]. In evaluating a claim for ineffective assistance on the grounds that trial counsel decided not to investigate a particular issue, that decision must be "directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's

judgments." *Yarbrough v. Johnson*, 520 F.3d 329, 338 (4th Cir. 2008) (citing *Strickland*, 466 U.S. at 690-91). In this case, Mr. Zeszotarski did address issues related to Mr. Hinton's rights under the Fourth Amendment by filing a motion in limine seeking to exclude all of the seized documents referring to Mr. Hinton. Mr. Hinton provides no support for his conclusory allegation that Mr. Zeszotarski actually conspired with the Government, and therefore the Court understands his claim as asserting that Mr. Zeszotarski failed to adequately protect his Fourth Amendment rights. The Court holds this conclusion to be incorrect as a matter of law.

## B. Ineffective Assistance of Appellate Counsel

Petitioner also claims that his appellate counsel, Jeanette K. Doran, was constitutionally ineffective because she refused to consult with Petitioner before filing an opening brief, relied upon incomplete trial transcripts, and failed to petition any court as to the government's use of perjured testimony at trial. Ms. Doran, in a sworn affidavit, notes that she did not order opening and closing statements because they were not necessary to prepare the appeal and are not generally sent with transcripts ordered under the Criminal Justice Act.

Appellate counsel is not obligated to advance every nonfrivolous argument that could be made. Rather, counsel is entitled to decline to appeal a nonfrivolous issue if she believes that it would dilute stronger arguments that can be offered. *Jones v. Barnes*, 436 U.S. 745, 752 (1983). Here, Petitioner has failed to demonstrate that Ms. Doran omitted significant and clearly obvious issues while pursuing weaker issues on appeal. *See Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). Petitioner's ineffective assistance of counsel claim must therefore be rejected.

## II. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse

to the applicant." Having determined Petitioner is not entitled to relief and Respondent is entitled to dismissal of the petition, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484–85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the Motion for Full Disclosure and Release of All Records [DE 127], Motion Request for Documents [DE 177], Motion for Correction and Clarification [DE 187], and Motion to Stay [DE 181]are DISMISSED as MOOT. Because the Court has considered attachments outside of the pleadings, the Motion to Dismiss [DE 171] will be considered as a Motion for Summary Judgment and is GRANTED. The Motion to Vacate [DE 165] is DISMISSED.

SO ORDERED, this the _11_ day of October, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE