IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:06-CR-15-1BO

UNITED STATES OF AMERICA          )
                                  )
        v.                        )          O R D E R
                                  )
HENDERSON LEWIS HINTON            )


This matter is before the Court on Defendant's petition to strike Plaintiff's case [DE 196].

Because Defendant (Hinton) attacks the validity of his indictment, the Court can only conclude

that the relief requested is that which would result from a successful motion to vacate, set aside, or

correct sentence. 28 U.S.C. § 2255. Accordingly, the Court must re-characterize Hinton's motion

as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

As Hinton has attacked the same judgment and conviction in an earlier § 2255 petition that

was dismissed on the merits, the instant motion is a second or successive § 2255 petition. 28

U.S.C. § 2255(h). Absent pre-filing authorization from the court of appeals, this Court lacks

jurisdiction to consider Hinton's second or successive motion. *Id.* ("second or successive motion

must be certified . . . by a panel of the appropriate court of appeals); *United States v. Winestock*,

340 F.3d 200, 205 (4th Cir. 2003). Furthermore, Hinton is not required to receive notice of the

Court's re-characterization of the motion as it has been found to be second or successive. *See*

*United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished). Accordingly, the

Court hereby re-characterizes the instant motion as a Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255 and the motion is DISMISSED for failure to obtain pre-

filing certification from the court of appeals.

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Hinton is not entitled to relief and dismissal of the petition is appropriate, the Court considers whether Hinton is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the

2

Court finds reasonable jurists would not find the Court's treatment of any of Hinton's claims

debatable or wrong and none of the issue are adequate to deserve encouragement to proceed

further. Accordingly, a certificate of appealability is DENIED.


SO ORDERED, this 19 day of August, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE