IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:06-CR-15-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HENDERSON L. HINTON | ) | |

This cause comes before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government has responded in opposition and the motion is ripe for disposition. For the reasons that follow, the motion is denied.

BACKGROUND

After having been convicted by a jury of robbery, armed bank robbery, and firearms charges, defendant, Hinton, was sentenced to an aggregate sentence of 872 months' imprisonment. [DE 115]. Hinton is forty-eight years old, and his current projected release date is in September 2071. *See* https://www.bop.gov/inmateloc/ (last visited June 4, 2025).

Henderson seeks compassionate release based upon the disparity between the sentence he received and that which he would face today if convicted of the same charges and his serious medical conditions. Henderson was convicted of three violations of 18 U.S.C. § 924(c), which at the time subjected him a statutory mandatory minimum sentence of 300 months' imprisonment on two of the three counts, to be served consecutively to any other sentence. Today, Henderson would face a mandatory minimum consecutive sentence of 120 months, rather than 600 months, on two of his § 924(c) convictions. *See, e.g., United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020) (discussing impact of First Step Act on § 924(c) sentencing scheme). Henderson further argues

that his first § 924(c) conviction would require a sixty month, rather than eighty-four month, consecutive sentence. *See Alleyne v. United States*, 570 U.S. 99 (2013); [DE 2]. Accordingly, if he were sentenced today Hinton would face a minimum of 180 months of imprisonment on his three § 924(c) convictions, rather than the 684 months he received.

Hinton also suffers from Cauda Equina Syndrome, which resulted from the gunshot wound he received at the time of his arrest. Hinton contends that this condition substantially diminishes his ability to provide self-care within the Bureau of Prisons, as he suffers from partial paralysis and incontinence. If released, Hinton would live with his father and stepmother in Baltimore, Maryland.

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule applies where a defendant qualifies for a modification of his term of imprisonment, often referred to as compassionate release. 18 U.S.C. § 3582(c)(1)(A).

Compassionate release may be available to defendants who demonstrate "extraordinary and compelling reasons" which support either a reduction in sentence or immediate release. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). If extraordinary and compelling reasons are present, a court must further find that any reduction is consistent with applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(1)(A); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). Finally, a court considers whether the factors outlined in 18 U.S.C. § 3553(a) support a reduction in sentence. *Malone*, 57 F.4th at 173.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's motion for compassionate release. Section 1B1.13 lists several extraordinary and

2

compelling reasons: (1) a defendant's medical circumstances; (2) a defendant's advanced age combined with serious physical or mental health deterioration; (3) a defendant's family circumstances; (4) a defendant's status as a victim of sexual or physical abuse perpetrated by those with custody over the defendant; (5) any other reasons which, considered alone or together, are similarly serious to those circumstances outlined in paragraphs (1) through (4); and (6) defendant's unusually long sentence, so long as at least ten years of imprisonment have been served. U.S.S.G. § 1B1.13(b)(1)-(6). Other than in considering a defendant's unusually long sentence, a change in the law is not considered an extraordinary and compelling reason for a reduction in sentence. *Id.* § 1B1.13(c).

First, Henderson has exhausted his administrative remedy by first seeking release from the warden. Second, even assuming, without deciding, that Henderson's lengthy sentence combined with his physical impairments rise to the level of extraordinary and compelling reasons, the § 3553(a) factors do not support a reduction in his sentence. The conduct which occurred in this case was serious. Shortly after being released from a prior bank robbery sentence imposed in this district, Henderson went on a multi-day spree of armed robberies in Ahoskie, Rocky Mount, and Scotland Neck, North Carolina. When sheriff's deputies responded to the Scotland Neck bank robbery, Hinton and his co-defendant led law enforcement on a high-speed vehicle chase through traffic and the downtown business district. After their vehicle crashed, Hinton exited, ran, then turned and pointed his firearm at law enforcement. A sheriff's deputy shot at Hinton but missed. Hinton continued to run and discarded his firearm. Hinton then reached into his pocket and again turned toward the deputy, who discharged his firearm and struck Hinton.

While incarcerated, Hinton has received multiple disciplinary infractions. These include destroying property, fighting, and attempting to place liens on prison staff. The Bureau of Prisons

3

further classifies Hinton as having a high risk of recidivism. [DE 250-1]; [DE 256]. While Hinton suffers from a serious medical condition, there is no evidence that he is receiving inadequate care for his condition while incarcerated. *See* [DE 256-1]. Hinton has also taken classes and has previously worked as an orderly while in custody. His positive steps while incarcerated, however, simply do not outweigh the remaining need to punish his conduct, protect the community, and promote his respect for the law. As noted above, the egregious conduct in this case took place within weeks of his release from the Bureau of Prisons after having been sentenced by this court to forty-one months' imprisonment for armed bank robbery. Hinton then went on to engage in multiple armed robberies and led law enforcement on a dangerous high-speed chase. Hinton's underlying criminal conduct and his conduct while in custody, even when considered in light of the length of his sentence and his physical condition, caution against any reduction in his sentence.

## CONCLUSION

Accordingly, for the foregoing reasons, the motion for compassionate release [DE 249] is DENIED. The motions to seal defendant's sensitive, personal information [DE 251]; [DE 257] are GRANTED.

SO ORDERED, this 4 day of June 2025.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 2:06-cr-00015-BO    Document 261    Filed 06/04/25    Page 4 of 4